Foster, P. J.
(dissenting). The issue before us is “ * * * not whether claimant was an employee of respondent as a matter of fact, but whether upon the basis of the record before us we must decide as a matter of law that claimant was not an employee.” (Matter of Morton, 284 N. Y. 167, 169-170.) We have neither the power nor the duty to weigh the evidence. We may only determine whether there was any substantial evidence to support the finding of the board that claimant was an employee and not an independent contractor.
*139 I think there is evidence in the record which precludes us from saying as a matter of law that claimant was an independent contractor. The agreement she signed to act as a life insurance agent is of course not conclusive on such an issue. It may be freely inferred from admitted facts that the business of a life insurance agent is regarded as an occupation requiring some skill; and that the respondent company had methods of its own which it desires its agents to pursue. Hence claimant received preliminary training and assistance in salesmanship. The company procured her license from the State. It limited her territory, suggested hours of employment, forbade conduct that might adversely affect the reputation of the company, prohibited her from accepting risks of any kind without the approval of the company, and also prohibited her from placing a policy with any other company without first submitting the matter to respondent. These indicia of control do not point strictly to the conclusion that claimant was an independent contractor as a matter of law. At most they furnish the trier of facts with the choice of conflicting inferences. The duty of weighing the evidence and making the choice rested with the board (Matter of Stork Restaurant, Inc., v. Boland, 282 N. Y. 256). Hence I can see no legitimate basis for our interference as a matter of law.
The award should be affirmed.
Brewster and Dbyo, JJ., concur with Sahtry, J., Dbyo, J., in a separate memorandum; Foster, P. J., dissents, in a memorandum, in which Hefferwah, J., concurs.
Decision and award of the Workmen’s Compensation Board reversed on the law, with costs to the appellants against the Workmen’s Compensation Board, and claim dismissed.